## WHY CORPORATION v. SUPER IRONER CORPORATION.
### Civ. A. No. 75.

District Court, W. D. Michigan, S. D.

Feb. 20, 1941.

Robert E. Woodhams, of Kalamazoo, Mich., and Church & Church and Clarence B. Des Jardins, all of Washington, D. C., for plaintiff.

William Cyrus Rice, of Grand Rapids, Mich., and Wilkinson, Huxley, Byron & Knight and Eugene M. Giles, all of Chicago, Ill., for defendant.

RAYMOND, District Judge.

1. The plaintiff, Why Corporation, is a corporation incorporated under the laws of the State of California and has a place of business at Los Angeles, California.

2. The defendant, Super Ironer Corporation, is a corporation incorporated under the laws of the State of Michigan and has its place of business at St. Joseph, Michigan.

3. The validity of the patent in suit and the manufacture and sale of ironing machines embodying the invention covered thereby are admitted by defendant. The principal issue is one concerning title and ownership of the patent.

4. United States Letters Patent, No. 1,624,698, in suit, Plaintiff's Exhibit No. 1, were granted April 12, 1927, to Robert J. Watts, of Benton Harbor, Michigan, for doffers for ironing machines.

5. By an instrument in writing, Plaintiff's Exhibit No. 2, executed on October 24, 1927, and recorded in Transfers of Patents, United States Patent Office, Liber J-171, page 507, on July 6, 1937, the said patentee, Robert J. Watts, assigned to T. J. Watts, of Benton Harbor, Michigan, all right, title and interest in and to said Letters Patent, No. 1,624,698, and the improvement in doffers for ironing machines covered thereby.

6. By an instrument in writing, Super Exhibit M, executed on November 1, 1928, the said T. J. Watts assigned to Watts Laundry Machinery Company, of St. Joseph, Michigan, all the right, title and interest in and to the improvement in doffers for ironing machines for which United States Letters Patent, No. 1,624,698, were obtained, and in and to the letters patent therefor, aforesaid. This assignment was never recorded. The transaction was not formally authorized by the board of directors or stockholders of Watts Laundry Machinery Company.

7. By an instrument in writing, Plaintiff's Exhibit No. 8, executed on April 10, 1929, Watts Laundry Machinery Company, of St. Joseph, Michigan, assigned to T. J. Watts, of Benton Harbor, Michigan, all right, title and interest in and to the improvements in doffers for ironing machines for which United States Letters Patent, No. 1,624,698, were obtained, and in and to the said Letters Patent, No. 1,624,698. This assignment was never recorded and it was not formally authorized by the board of directors or stockholders of Watts Laundry Machinery Company.

8. Watts Laundry Machinery Company, of St. Joseph, Michigan, by an instrument in writing, Super Exhibit F, executed April 7, 1931, granted and conveyed to defendant, Super Ironer Corporation, "all the following goods and chattels, to-wit:

"All Patents of the first party of every kind and nature and especially, United States Patent No. 1,162,835, which expires December 7, 1932, and was applied for on December 19, 1912, and issued December 7, 1915, and assigned to the Watts Laundry Machinery Company by T. J. Watts.

"Also, Patent No. 1,624,698, the same being an Improvement in Doffers for Ironing Machines, dated April 12, 1927, and assigned to the Watts Laundry Machinery Company on October 24, 1927.

"And the first party covenants that the Certificates representing said Patents have been lost or mislaid, and in the event that said Certificates are found, the same will be duly assigned and transferred to the second party."

The said instrument was recorded in Transfers of Patents, United States Patent Office, Liber N-175, page 416, on June 30, 1938. This assignment was under the seal of and authorized by the directors of the Watts Laundry Machinery Company, and was for a consideration of $200.

9. The said T. J. Watts, on September 16, 1938, executed an assignment, Plaintiff's Exhibit No. 3, to Harry Koplin, of all his right, title and interest in and to the improvements in doffers for ironing machines for which Letters Patent, No. 1,624,698, were obtained, and in and to the said letters patent therefor. This assignment was recorded in Transfers of Patents, United States Patent Office, Liber M-176, page 111, on September 24, 1938.

10. The said Harry Koplin, on February 9, 1939, executed an assignment, Plaintiff's Exhibit 4, to David Koplin, of Atlanta, Georgia, of his right, title and interest in and to United States Letters Patent, No. 1,624,698. The said assignment was re-

corded in Transfers of Patents, United States Patent Office, Liber E-178, page 585, on February 13, 1939.

11. The said David Koplin, on December 5, 1939, executed an assignment, Plaintiff's Exhibit 5, to plaintiff, Why Corporation, of his right, title and interest in and to United States Letters Patent, No. 1,624,698. The said assignment was recorded in the United States Patent Office, in Liber U-181, page 173, on December 9, 1939.

12. The said T. J. Watts, on January 25, 1940, executed an assignment, Plaintiff's Exhibit No. 6, to Harry Koplin, of all rights of action, both at law and in equity, for infringement of United States Letters Patent, No. 1,624,698, that accrued prior to September 16, 1938. Said assignment was recorded in the United States Patent Office, in Liber N-182, page 55, on February 19, 1940.

13. The said Harry Koplin, on January 25, 1940, executed an assignment, Plaintiff's Exhibit No. 7, to plaintiff, Why Corporation, of all rights of action, both at law and in equity, for infringement of said Letters Patent, No. 1,624,698, acquired by him from T. J. Watts. Said assignment was recorded in the United States Patent office, in Liber N-182, page 57, on February 19, 1940.

14. Plaintiff, Why Corporation, for its title to the patent in suit, relies upon the assignment (Exhibit No. 2) from the patentee, Robert J. Watts, to his father, T. J. Watts, recorded in the United States Patent Office July 6, 1937; the assignment (Exhibit No. 3) from T. J. Watts to Harry Koplin, dated September 16, 1938, and recorded September 24, 1938, and subsequent mesne assignments (Exhibits Nos. 4, 5, 6 and 7).

15. At the time of the assignment of the patent in suit by T. J. Watts to the Watts Laundry Machinery Company, on November 1, 1928, and at the time of the reassignment of the patent by the Watts Laundry Machinery Company to. T. J. Watts, the said T. J. Watts was president and owner of a controlling interest of the stock of the Watts Laundry Machinery Company.

16. In the reassignment of the patent on April 10, 1929, from the Watts Laundry Machinery Company to T. J. Watts, it was recited that "we are the sole owner of said patent and of all rights under the same". The notarial acknowledgment of the reassignment does not state that the officers, T. J.. Watts, president, and his daughter, Ann Watts Clemens, secretary, were duly authorized, but merely states that T. J. Watts, President, and Ann Watts Clemens, secretary, "acknowledged the same as their free act and deed for the purposes set forth therein". The reassignment was never authorized by the directors of the Watts Laundry Machinery Company, and was never recorded in the Patent Office.

17. At the time when the patent in suit was assigned by Watts Laundry Machinery Company to Super Ironer Corporation, none of the officers or directors of the Super Ironer Corporation had notice or knowledge, actual or constructive, of the unrecorded assignment (Exhibit No. 8) of the patent in suit, dated April 10, 1929, by Watts Laundry Machinery Company to T. J. Watts.

18. Super Ironer Corporation was, on April 7, 1931, a purchaser of the patent in suit for a valuable consideration, without notice of the unrecorded prior assignment by. Watts Laundry Machinery Company to T. J. Watts (Exhibit No. 8).

19. Prior to the assignment of September 16, 1938 (Exhibit No. 3), of the patent in suit by T. J. Watts to Harry Koplin, Super Ironer Corporation had acquired, on April 7, 1931, legal title to the patent in suit through the assignment (Exhibit F) which was recorded in the United States Patent Office on June 30, 1938, prior to the subsequent purchase by Koplin on September 16, 1938, of the patent in suit from T. J. Watts.

20. On September 16, 1938 (Exhibit No. 3), Harry Koplin and Why Corporation had notice of the prior assignment of the patent in suit to Super Ironer Corporation through the recording of Exhibit F in the Patent Office on June 30, 1938, and also had notice through the recording of Exhibit F that the said patent had been assigned to Watts Laundry Machinery Company, as the said recorded assignment (Exhibit F) contains the statement regarding the patent in suit, "assigned to the Watts Laundry Machinery Co."

21. T. J. Watts was president; director and controlling stockholder in the Watts Laundry Machinery Company from 1920 until February 8, 1930. His duties included designing and improving the laundry machinery manufactured and sold by the said company. On October 24, 1927, he acquired title to the patent in suit from his son, Robert J. Watts, who had made the

doffer invention covered thereby while employed by the Watts Laundry Machinery Company and to meet the need of said company for a satisfactory doffer.

22. During the year 1928, T. J. Watts, without authority, withdrew from the funds of the Watts Laundry Machinery Company $40,000 over and above his salary of $20,000 and expenses, and upon assignment of the patent in suit on November 1, 1928, to the Watts Laundry Machinery Company, T. J. Watts removed from the records of the company the item of $40,000 advanced to him and added that amount to the assets of the company as "patents $45,000.00", of which amount $5,000 had been paid by the company to T. J. Watts for an earlier patent. The financial statements of the company continued to carry the same item "patents $45,000.00" until the patents were assigned by the company to the Super Ironer Corporation on April 7, 1931.

23. On March 30, 1929, Amick and Spicer, accountants, rendered a report to certain minority stockholders on the finances of the Watts Laundry Machinery Company, which disclosed for the first time to the minority stockholders that T. J. Watts had assigned to the Watts Laundry Machinery Company title to the patent in suit in liquidation of the $40,000 which he had withdrawn from the funds of the company.

24. The record does not support the claim of T. J. Watts that notes amounting to $40,000 were given to the Watts Laundry Machinery Company in April, 1929, to cover the corresponding amount which he had improperly withdrawn from the funds of the company during 1928, or for any other purpose whatever.

25. To the knowledge of T. J. Watts, Watts Laundry Machinery Company manufactured and sold ironing machines comprising doffers covered by the patent in suit until its business was taken over by the Super Ironer Corporation in April, 1931, and thereafter the Super Ironer Corporation continued to manufacture and sell ironing machines comprising doffers covered by the patent in suit. No notice of infringement of the patent in suit was given by T. J. Watts or any one claiming ownership through him of the patent in suit, either to the Watts Laundry Machinery Company or to Super Ironer Corporation until October 11, 1938.

26. Super Ironer Corporation, upon its purchase of the patent in suit and other assets of Watts Laundry Machinery Company in April, 1931, commenced and thereafter continued the manufacture and sale of ironing machines comprising doffers covered by said patent in suit, believing that it had the right so to do by reason of its ownership of the doffer patent in suit.

### Conclusions of Law.

1. Watts patent No. 1,624,698 is good and valid in law.

2. The defendant, Super Ironer Corporation, has within six years prior to the institution of this suit, manufactured and sold doffers for ironing machines embodying the invention covered by patent No. 1,624,698.

3. Prior to September 16, 1938, when T. J. Watts assigned the patent in suit to Harry Koplin (Exhibit 3), legal title to said patent had vested in Super Ironer Corporation through the assignment to it on April 7, 1931 (Exhibit F), for a valuable consideration and without notice of the prior unrecorded assignment (Exhibit 8) by Watts Laundry Machinery Company to T. J. Watts, said assignment (Exhibit F) having been recorded in the United States Patent Office on June 30, 1938.

4. On September 16, 1938, T. J. Watts did not have title to the patent in suit, No. 1,624,698, title thereto having already vested in Super Ironer Corporation, and hence Harry Koplin did not acquire title thereto, and plaintiff, Why Corporation, claiming title through Koplin, never acquired and does not have title to the patent in suit.

5. Because of the delay of seven and one-half years by plaintiff, Why Corporation, and T. J. Watts, its alleged immediate predecessor in ownership of the patent in suit, in notifying the defendant, Super Ironer Corporation, of infringement of the patent in suit, plaintiff is not entitled to equitable relief.

6. An order will be entered dismissing the complaint.